

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CASE NO: 1:07-CR-00042-P-BL-1 |
| SIMON DAVID PRADO | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated January 25, 2016 (Doc. 30), addressing the motion to revoke **SIMON DAVID PRADO**'s term of supervised release.

**I.     PROCEDURAL BACKGROUND**

**A.     Original Conviction**

On July 7, 2011, **SIMON DAVID PRADO** (hereafter "Defendant") pleaded guilty to Count Two of an indictment charging Possession of an Unregistered Short Barreled Shotgun, 26 U.S.C. § 5861(d) and 5871. (Doc. 16). On February 29, 2008, Defendant was sentenced to 71 months custody, to be served consecutive to any sentence imposed in Case No. 2-042,291, County Court at Law, Taylor County, Texas, and Case Nos. 8205-D and 8460-D, pending in the 350th District Court, Taylor County, Texas, to be followed by a 3-year term of supervised release. (Doc. 16.). Supervision commenced on July 24, 2015. (Doc. 22).

On January 1, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis, with a docket entry reflecting same on November 3, 2015.

On October 28, 2015, a Petition for Offender under Supervision was prepared by the United States Probation Office, (Doc. 20), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on November 2, 2015. (id.).

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated November 9, 2015, (Doc. 22), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 20), discussed above.

Defendant appeared before the undersigned magistrate judge on January 14, 2016, for an initial appearance. (Doc. 25). A detention hearing and preliminary revocation hearing were scheduled for January 21, 2016, but were vacated upon written waiver of Defense Counsel. (Doc. 29).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

---

[1] Alleged violations taken from Petition for Offender under Supervision dated October 28, 2015.

2

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Standard Condition No. 11**

The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

**Nature of Noncompliance**

Simon David Prado (Prado) violated these conditions of supervised release on October 23, 2015, when he was driving with an invalid license and fled in his vehicle from Officer Christopher Milliorn (Officer Milliorn) of the Abilene Police Department, Abilene, Texas, when a traffic stop was attempted. Officer Milliorn eventually made contact with Prado, and he was arrested and charged with Fleeing or Attempting to Elude a Police Officer, in violation of Texas Transportation Code § 545.421, a Class B misdemeanor; and Driving While License Invalid, Enhanced, in violation of Texas Transportation Code § 521.457, a Class B misdemeanor.

Further, Prado failed to notify Sr. U.S. Probation Officer Connie L. Massey, within 72 hours of his arrest by Abilene Police Officer Milliorn on October 23, 2015.

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Mandatory Condition**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 1**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**

Simon David Prado violated these conditions of supervised release by using and/or possessing methamphetamine, an illegal controlled substance. On October 9, 2015, Prado admitted, both verbally and in writing, to Sr. U.S. Probation Officer Connie L. Massey that he had used methamphetamine, an illegal controlled substance on or about September 19, October 3 and 6, 2015.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on January 23, 2016, before the magistrate judge. Defendant was represented by Jeffrey A. Propst; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Conditions that Defendant not commit another federal, state or local crime; that he not illegally possess a controlled substance; and that he refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7and 11; and Special Condition No. 1.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc.34). He apologized for his conduct, both to the Court and his probation officer. He acknowledged having a drug problem, for which he hoped to receive additional treatment. He requested leniency in his sentence.

**II.     FINDINGS OF THE COURT**

i. The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically the Mandatory Conditions that Defendant not commit another federal, state or local crime; that he not illegally possess a controlled substance; and that he refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7 and 11; and Special Condition No. 1.

ii. The Defendant was competent to make the decision to plead true to the allegations;

iii. The Defendant had both a factual and rational understanding of the proceedings against him;

iv. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

vii. A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

viii. At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix. The Defendant violated conditions of his supervised release.

III. **SENTENCING**

A. **FACTORS**

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

B. **STATUTORY AND GUIDELINE PROVISIONS**

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of six to twelve months imprisonment, based upon Defendant's criminal history category of IV and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violation of possessing a controlled substance. *See* 18 U.S.C. § 3583(g)(1).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a term of supervised release of three (3) years, less any term of imprisonment imposed upon revocation of his current supervised release.

### IV. ANALYSIS AND RECOMMENDATION

Defendant began his term of supervised release in July 2015, and he was only on supervision for a short time period before he began abusing methamphetamine in September and October 2015. Defendant was initially referred to a federal contract treatment provider for

---

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Defendant is charged with, and admitted, using and possessing a controlled substance, not refusing to comply with drug testing.

outpatient treatment; however, after his violation conduct was discovered, he failed to continue attending as instructed. In addition to the prohibited drug use, Defendant was arrested and charged with Fleeing or Attempting to Elude a Police Officer, and Driving While License Invalid, Enhanced, both Class B misdemeanors, in October 2015. Compounding the violations was his failure to notify his probation officer within 72 hours after his arrest. The resulting warrant from the United States district judge was issued in November 2015, and his whereabouts were unknown until his arrest.

Based upon Defendant's continued illegal substance abuse and criminal conduct while on supervision, a sentence at the top of the guideline range is recommended. An additional term of supervised release is recommended upon completion of his custody sentence, as Defendant was only on supervised release for approximately 3 months before his illegal actions. An additional term of supervision would allow him the opportunity to reintegrate into the community with drug aftercare and community resources.

### V. CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS**:

i. that Defendant **be found to have violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Conditions that Defendant not commit another federal, state or local crime; that he not illegally possess a controlled substance; and that he refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7 and 11; and Special Condition No. 1;

ii. that his supervised release **be REVOKED**;

iii. that he **be SENTENCED to the custody of the Attorney General for a period of ten (10) months**; and

iv. that **an additional twenty-six (26) month term of supervised release be imposed**, with the following conditions:

**Mandatory Conditions:**

1. The defendant must report to the probation office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.

4. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5. The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

**Additional Conditions:**

1. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall

contribute to the costs of services rendered (copayment) at a rate of at least $10.00 per month.

2. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 11th day of March, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE